# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-0122V**

|  |  |
|---|---|
| CRYSTAL RICHARDSON, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 16, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Heather V. Menezes, Shaheen & Gordon P.A., Manchester, NH, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 27, 2023, Crystal Richardson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 21, 2020. Petition, ECF No. 1. On December 11, 2023, I issued a Ruling on Entitlement finding Petitioner entitled to compensation. ECF No. 20.  On March 3, 2025, I issued a decision awarding damages, following briefing and expedited Motions day arguments. ECF No. 32.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,902.19 (representing $40,180.00 in fees and $979.69 in costs incurred by Petitioner's counsel of record: Heather V. Menezes of Shaheen and Gordon, PA, plus $742.50 in costs incurred by Petitioner's former counsel: Christine M. Smith of the Law Office of Christine M. Smith). Application for Attorneys' Fees and Costs ("Motion") filed July 30, 2025, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39-4 at 1.

Respondent reacted to the motion on August 5, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 41.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations. Petitioner has requested an hourly rate of $500.00 for 2025 work performed by attorney Heather V. Menezes, representing a rate increase of $42.00 from the previous year.  I find the proposed rate to be reasonable and hereby award it herein.

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Motion for a Ruling on the Record, filed Feb. 1, 2024, ECF No. 23; Petitioner's Reply to Respondent's Response to Motion for a Ruling on the Record, filed March 22, 2024, ECF No. 25. Petitioner's counsel expended approximately 16.00 hours drafting the brief regarding damages and 4.80 hours drafting the responsive brief, for a combined total of 20.80 hours. ECF No. 39-2 at 5-6. I find this time to have been reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 39-3 at 1-14 . Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $41,902.19 as follows:**

2

**A lump sum of $41,159.69, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Heather V. Menezes's IOLTA account for prompt disbursement; and**

**A lump sum of $742.50, representing reimbursement for attorney's costs to be paid through an ACH deposit to Petitioner's former counsel: Christine M. Smith's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.